## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 13** |
| | ) | |
| **James E. Herbst and Linda F. Herbst,** | ) | **Case No. 13-71527** |
| | ) | |
| Debtors. | ) | **Judge Laney** |
| | ) | |
| | ) | |
| **Polymathic Properties, Inc.,** | ) | |
| | ) | |
| *Movant,* | ) | |
| | ) | |
| v. | ) | **Contested Matter** |
| | ) | |
| **James E. Herbst and Linda F. Herbst,** | ) | |
| | ) | |
| *Respondents.* | ) | |
| | ) | |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**COMES NOW** Polymathic Properties, Inc., as assignee of Nationstar Mortgage, LLC f/k/a Centex Home Equity Company, LLC ("Polymathic Properties"), by and through its undersigned counsel, and hereby files this Motion For Relief From The Automatic Stay pursuant to 11 U.S.C. § 362 and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (this "Motion"). In support of this Motion, Polymathic Properties relies on the record and the Affidavit of Alberto Gonzalez (the "Gonzalez Affidavit"), attached hereto as **Exhibit A**, and respectfully states as follows:

### JURISDICTION

1.  On November 19, 2013 (the "Petition Date"), James E. Herbst and Linda F. Herbst (collectively, the "Debtors") jointly filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

24374050 v1

2. Polymathic Properties files this Motion pursuant to Section 362 of the Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND**

4. On or about January 25, 2003, Debtors executed that certain Adjustable Rate Note in the original principal amount of $70,650.00 in favor of Polymathic Properties (as may have been amended and/or modified from time to time, hereinafter referred to as the "Note"). *See* Gonzalez Affidavit, ¶¶ 3-5, Note, Exhibit 1 thereto.

5. To secure the indebtedness to Polymathic Properties as evidenced by the Note, Debtors executed a Security Deed in favor of Centex Home Equity Company, LLC dated January 25, 2003 and recorded February 3, 2003 in Deed Book 1000, Page 61, Tift County, Georgia official records, as affected by that certain Corporate Assignment of Security Deed from Nationstar Mortgage, LLC f/k/a Centex Home Equity Company, LLC ("Nationstar") to Polymathic Properties, Inc. dated December 20, 2013 and recorded January 3, 2014 in Deed Book 1729, Page 262, aforesaid records (the "Security Deed", and collectively with the Note, sometimes hereinafter referred to as the "Loan Documents"), wherein Debtors granted Polymathic Properties a first priority security interest in and to the real property located at 3736 Hwy 82 West, Tifton, Georgia 31793 (as more particularly described in the Security Deed, the "Property"). *See* Gonzalez Affidavit, ¶¶ 6-8, Security Deed, Exhibit 2 thereto; Assignment, Exhibit 3 thereto.

6. On March 25, 2014, this Court entered an Order confirming Debtors' chapter 13 plan of reorganization (the "Plan").

7.      The Plan provided, *inter alia*, that beginning with the December 2013 payment, Debtors would make their regular monthly payment directly to Nationstar outside of the Plan. The Plan also provided for a distribution of $40.00 per month to Nationstar to cure the arrearages owed as through November, 2013.

8.      On June 17, 2014, Polymathic Properties filed a Transfer of Claim with respect to Nationstar's proof of claim in the amount of $75,703.61, filed as Claim No. 2 in this case.

9.      Pursuant to the Note, Debtors agreed to make monthly payments of principal and interest beginning on March 1, 2003 (the "Monthly Payments") until maturity on February 1, 2033. *See* Gonzalez Affidavit, ¶ 9, Note, Exhibit 1 thereto.

10.      Debtors are in default under the terms and conditions of the Note for, inter alia, the failure to make payments as and when due. *See* Gonzalez Affidavit, ¶ 10.

11.      Debtors have not made a direct monthly payment to Polymathic Properties as required by the Loan Documents (and pursuant to their confirmed Plan) since April 1, 2014. This last Monthly Payment received April 1, 2014 was applied to the payment due February 1, 2014. Accordingly, the Monthly Payments from March 1, 2014 forward are due and owing. *See* Gonzalez Affidavit, ¶ 11.

12.      As of July 8, 2015, Debtors are indebted to Polymathic Properties under the Note and related documents in the amount of $81,728.97, plus accruing interest, fees and charges (the "Indebtedness"), which consists of $70,749.10 in principal, interest accrued of $10,415.87 (which continues to accrue at a rate of 20.11 per diem) and late fees of $564.00. *See* Gonzalez Affidavit, ¶ 12.

13.      On their Schedule A, Debtors value the Property at $70,000.00.

14. There exists a shortfall in Debtors' escrow account used to pay ad valorem taxes and insurance on the Property, and upon information and belief, 2014 taxes are past due on the Property. According to the Tift County Tax Commissioner's Office, 2014 ad valorem taxes are currently past due and payable in the amount of $1,104.01. *See* Gonzalez Affidavit, ¶ 13, Exhibit 4 thereto.

15. On or about December 7, 2014, December 17, 2014, January 16, 2014, and January 25, 2015, Polymathic Properties, through its servicer, FCI Lender Services, Inc., requested proof of insurance on the Property. To date, Polymathic Properties has not received a response from Debtors and therefore has reason to believe the Property is uninsured. *See* Gonzalez Affidavit, ¶ 14.

## RELIEF REQUESTED

16. By this Motion, Polymathic Properties is seeking relief from the automatic stay to permit it to exercise its rights and remedies under the Loan Documents, including without limitation, the foreclosure of its security title, interest, and lien in and to the Property, sending out all notices and demands required by state law, accelerating the indebtedness, publishing the legal notices of sale, selling the Property on the courthouse steps, executing and delivering any foreclosure deed, confirming the results of any sale as necessary, and/or accepting from Debtors a Deed in Lieu of foreclosure.

## BASIS FOR RELIEF

17. Polymathic Properties requests that the Court enter an Order terminating the automatic stay imposed by Section 362(a) of the Bankruptcy Code pursuant to Section 362(d)(1) of the Bankruptcy Code due to the lack of adequate protection of Polymathic Properties' interest in the Property.

18. Pursuant to Section 362(d)(1) of the Bankruptcy Code, the automatic stay may be terminated or annulled "for cause, including lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

19. Polymathic Properties' interest in the Property is not adequately protected. First, the amount owed under the Note continues to accrue interest, late charges, and other fees and expenses, while Debtors are no longer making monthly payments to Polymathic Properties as required by the Loan Documents. *See* Gonzalez Affidavit, ¶ 11, Note, Exhibit 1 thereto. Simply put, "cause" exists, as that term is used in 11 U.S.C. § 362(d)(1), to grant Polymathic Properties relief from the automatic stay because Debtors have failed to remit payment pursuant to the Note. *See, e.g., In re Ocasio*, 97 B.R. 825 (Bankr. E.D. Pa. 1989) (evidence of debtor's continued failure to tender periodic payments on secured debt is sufficient cause for relief).

20. Secondly, there exists a shortfall in Debtors' escrow account used to pay ad valorem taxes and insurance on the Property, and upon information and belief, 2014 taxes are past due on the Property. According to the Tift County Tax Commissioner's Office, 2014 ad valorem taxes are currently past due and payable in the amount of $1,104.01. *See* Gonzalez Affidavit, ¶ 13, Exhibit 4 thereto.

21. Moreover, the Property may not be insured. On or about December 7, 2014, December 17, 2014, January 16, 2014, and January 25, 2015, Polymathic Properties, through its servicer, FCI Lender Services, Inc., requested proof of insurance on the Property. To date, Polymathic Properties has not received a response from Debtors and therefore has reason to believe the Property is uninsured. *See* Gonzalez Affidavit, ¶ 14.

22. Lastly, there is no equity in the Property. The Indebtedness due and owing under the Note is $81,447.42 as of June 24, 2015, while the value of the Property has been scheduled

by Debtors as $70,000.00. *See* Gonzalez Affidavit, ¶ 12, Voluntary Petition, Doc. No. 1. Thus, Debtors' lack of equity in the Property is clear.

23. Cause certainly exists for this Court to lift the automatic stay so that Polymathic Properties may exercise its bargained-for rights and remedies under the Note and Security Deed to protect the value of the Property.

**WHEREFORE, PREMISES CONSIDERED,** Polymathic Properties respectfully requests this Court to enter an Order:

A. Terminating the automatic stay imposed by Section 362(a) of the Bankruptcy Code effective immediately as permitted by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, to allow Polymathic Properties to exercise its rights and remedies under the Note and Security Deed, including without limitation, the foreclosure of its security title, interest, and lien in and to the Property, sending out all notices and demands required by state law, accelerating the indebtedness, publishing the legal notices of sale, selling the Property on the courthouse steps, executing and delivering any foreclosure deed, confirming the results of any sale as necessary, and/or accepting from Debtors a Deed in Lieu of foreclosure; and

B. Granting Polymathic Properties such other, further, and different relief that this Court deems just and proper.

Respectfully submitted, this 9th day of July, 2015.

> BURR & FORMAN LLP
>
> /s/ Kelly E. Waits
> Kelly E. Waits
> Georgia Bar No. 142677
> Burr & Forman LLP
> Suite 1100, 171 Seventeenth Street, N.W.
> Atlanta, Georgia 30363
> Phone: (404) 815-3000

        Facsimile:  (404) 817-3244
        Email:  kwaits@burr.com

        ***Attorneys for Polymathic Properties, Inc.***

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 9th day of July, 2015, I have caused a copy of the foregoing document to be served by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email:

| | |
|---|---|
| James E. Herbst d/b/a<br>Jim's Service and Repair<br>Linda F. Herbst<br>3736 Highway 82 West<br>Tifton, GA 31793<br><br>*Debtors* | Michael H. Turner<br>Michael H. Turner, PC<br>P.O. Box 2519<br>Tifton, GA 31793<br>*Counsel for Debtors* |
| Kristin Hurst<br>Office of the Chapter 13 Trustee<br>P.O. Box 1907<br>Columbus, GA 31902-1907<br><br>*Chapter 13 Trustee* | Office of the U.S. Trustee<br>440 Martin Luther King Jr. Boulevard<br>Suite 302<br>Macon, GA 31201<br><br>*U.S. Trustee* |

                                                   /s/ Kelly E. Waits
                                                 Kelly E. Waits

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| James E. Herbst and Linda F. Herbst, | ) | Case No. 13-71527 |
| | ) | |
| Debtors. | ) | Judge Laney |
| _____ | ) | |
| | ) | |
| **Polymathic Properties, Inc.,** | ) | |
| | ) | |
| *Movant,* | ) | |
| | ) | |
| v. | ) | Contested Matter |
| | ) | |
| **James E. Herbst and Linda F. Herbst,** | ) | |
| | ) | |
| *Respondents.* | ) | |
| _____ | ) | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Polymathic Properties, Inc. has filed a Motion For Relief From The Automatic Stay (the "Motion") and related papers with the Court seeking an order terminating the automatic stay imposed by Section 362(a) of the Bankruptcy Code effective immediately as permitted by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, to allow Movant to exercise its state law rights and remedies under the loan documents at issue in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion in the United States Courthouse, 401 North Patterson Street, Valdosta, Georgia 31601, at 8:30 A.M. on August 26, 2015.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, P.O. Box 1957, Macon, Georgia 31202. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. If a final decision cannot be rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated: July 9th, 2015

                                                BURR & FORMAN LLP

                                                /s/ Kelly E. Waits
                                                Kelly E. Waits
                                                Georgia Bar No. 142677
                                                Burr & Forman LLP
                                                Suite 1100, 171 Seventeenth Street, N.W.
                                                Atlanta, Georgia 30363
                                                Phone: (404) 815-3000
                                                Facsimile: (404) 817-3244
                                                Email: kwaits@burr.com

                                                ***Attorney for Polymathic Properties, Inc.***